IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK JERRID DORTCH, | : | 1:17-cv-1703 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| YORK COUNTY CHILDREN | : | |
| AND YOUTH, *et al.*, | : | Hon. Martin C. Carlson |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

**December 13, 2017**

This matter was filed by *pro se* Plaintiff Frank Jerrid Dortch ("Plaintiff" or "Dortch") on September 20, 2017 with the filing of a complaint and a motion to proceed *in forma pauperis* (Docs. 1, 2). Following an initial screening of the pleading, United States Magistrate Judge Martin C. Carlson issued a report and recommendation recommending that the Plaintiff's *in forma pauperis* request be granted but that the complaint be dismissed for failure to state a claim but with leave to amend.[1] (Doc. 6). Dortch did not file objections to the Magistrate Judge's recommendation, and by Order dated October 11, 2017, we adopted the same and

---

[1] As aptly described by Magistrate Judge Carlson, Dortch's "two-page federal civil rights complaint which named 13 individual and institutional defendants . . . was both spare and cryptic. The complaint suggested that Dortch faced criminal charges relating to child endangerment, alleged in a summary and conclusory fashion that he was falsely arrested and maliciously prosecuted, and demanded compensatory and punitive damages, along with wide-ranging injunctive relief from the defendants." (Doc. 21, p. 1).

1

directed Dortch to file an amended complaint within twenty days of our Order. (Doc. 11).

Rather than file an amended complaint as directed, Dortch filed a series of submissions styled as motions for reconsideration, for extension of time, and for leave to amend. (Docs. 15-18). Inasmuch as we had already granted Dortch leave to amend his complaint, in an effort to refocus Dortch's efforts, Magistrate Judge Carlson issued an Order on November 21, 2017 wherein his specifically directed Dortch to file an amended complaint. The Magistrate Judge carefully instructed Dortch that "this amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." (Doc. 21, p. 3)(quoting *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D.Pa. 1992). Plaintiff was given until December 5, 2017 to file an amended complaint. (Doc. 21).

Rather than comply with the Court's directive, however, on December 4, 2017, Dortch filed a 46-page Motion for Leave to File an Amended Complaint. (Doc. 22). Dortch's submission flatly did not comply with the Magistrate Judge's order, but instead asserted "various legal arguments and theories, none of which adequately address the basic flaws in Dortch's original complaint." (Doc. 23). The motion plainly did not contain a proper, comprehensive amended complaint. As such, on December 6, 2017, Magistrate Judge Carlson issued a report and

recommendation (Doc. 23) recommending that Plaintiff's motion to amend his complaint be denied and that this action be dismissed with prejudice. The concluding pages of the report and recommendation contained instructions for Dortch regarding how to properly object to the Magistrate Judge's report.

Once again, rather than comply with this Court's instructions by filing objections to the report and recommendation, Dortch once again filed a motion for leave to amend his complaint. This 49-page missive contains similar arguments to Dortch's previous misdirected filings.

Given the foregoing, it is evident to the Court that Dortch is persisting in his defiance of Court Orders and directives. Despite being given numerous opportunities to do so, Dortch has not filed an amended complaint, but rather has peppered the docket with superfluous motions asking for permission to file the exact pleading he was given leave to file. The generosity of this Court is not boundless, and Dortch's dilatory course of conduct in this action has amounted to nothing more than a waste of judicial resources. Accordingly, we shall dismiss this case with prejudice.

A separate Order shall issue.